OPINION OF THE COURT
 

 Memorandum.
 

 In
 
 Starnella,
 
 the order of the Appellate Division should be
 
 *838
 
 affirmed, with costs. In
 
 Gasparino,
 
 the order of the Appellate Division should be reversed, with costs, the petition granted, the determination of the Board of Trustees of the Police Pension Fund denying petitioner an accidental disability pension annulled and the matter remitted to Supreme Court with directions to remand to respondent Board of Trustees for further proceedings in accordance with this memorandum.
 

 Petitioners were disabled as a result of injuries they received in the line of duty — Officer Starnella when he fell down a flight of stairs and Sergeant Gasparino when he slipped on a pool of water in a bathroom. Both sought accident disability retirement (Administrative Code of City of NY §§ 13-252, 13-258).
 

 In each case respondent Medical Board concluded that petitioners had suffered an “accidental injury” within the meaning of the code, but upon its review respondent Board of Trustees reached a six-to-six tie in its vote on that same question. Accordingly, petitioners did not receive accident disability pensions and instead received ordinary disability and service retirement benefits respectively
 
 (Matter of City of New York v Schoeck,
 
 294 NY 559). On petitioners’ CPLR article 78 challenges, the courts below upheld the Board of Trustees’ determinations. Concluding that Sergeant Gasparino suffered an accidental injury as a matter of law
 
 (Matter of Canfora v Board of Trustees,
 
 60 NY2d 347), we reverse the Appellate Division order denying his petition. However, because we conclude that Officer Starnella was not injured as the result of an “unexpected, out of the ordinary” event, we affirm the Appellate Division in his case.
 

 The Administrative Code provides that an applicant is entitled to accident disability benefits if medical examination reveals that incapacitation was suffered “as a natural and proximate result of an accidental injury received in such city service, while a member, and that such disability was not the result of wilful negligence on the part of such member” (Administrative Code § 13-252). In
 
 Matter of Lichtenstein v Board of Trustees
 
 (57 NY2d 1010), we adopted a “commonsense definition” of accident: a “ ‘sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact’ ”
 
 (id.,
 
 at 1012). We held that a police officer injured as he reached across the hood of a car to place a summons on its windshield was not entitled to accident disability retirement, because performance of his routine duties, and not an unexpected event, had caused his injury.
 

 
 *839
 
 We applied this same definition to two more injuries in
 
 Matter of McCambridge v McGuire
 
 (62 NY2d 563). Although recognizing that “[n]ot every line of duty injury will result in an award of accident disability,” we concluded that the pétitioners in that case — one slipping on wet pavement as he was entering a patrol vehicle on a rainy day, the other losing his balance and falling while getting up from a desk — had both suffered accidental injuries as a matter of law. Crucial to our holding was that in each case “there was a precipitating accidental event * * * which was not a risk of the work performed” (id., at 567-568).
 

 Applying those precedents mandates reversal in Sergeant Gasparino’s case. Petitioner’s injuries fall within the commonsense definition we articulated in
 
 Lichtenstein
 
 and are indistinguishable from the injuries we held to be accidents as a matter of law in
 
 McCambridge.
 
 Indeed, slipping and falling on wet pavement on a rainy day is no less a sudden and unexpected event than Sergeant Gasparino’s misadventure involving a pool of water in the bathroom. However, Officer Starnella’s injuries did not result from such a risk. A fall down the stairs as a result of one’s own misstep, without more, is not so out-of-the-ordinary or unexpected as to constitute an accidental injury as a matter of law
 
 (see, e.g., Matter of Biondi v McCall,
 
 239 AD2d 837;
 
 Matter of Danyi v Board of Trustees,
 
 176 AD2d 451).
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 In
 
 Matter of Starnella v Bratton:
 
 Order affirmed, with costs, in a memorandum.
 

 In
 
 Matter ofGasparino v Bratton:
 
 Order reversed, with costs, petition granted, determination of the Board of Trustees of the Police Pension Fund denying petitioner an accidental disability pension annulled and matter remitted to Supreme Court, New York County, with directions to remand to respondent Board for further proceedings in accordance with the memorandum herein.