■ In the Matter of LAURA SULLIVAN-DORSEY, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY POLICE PENSION FUND, ARTICLE II, Respondent. [733 NYS2d 399] —Order and judgment (one paper), Supreme Court, New York County (Ronald Zweibel, J.), entered October 12, 2000, which dismissed the petition brought pursuant to CPLR article 78 to annul respondent's determination insofar as it denied petitioner's application for accident disability retirement benefits, unanimously affirmed, without costs.

Petitioner, employed at the time as a New York City police officer, was injured when she fell from a second-story window ledge to which she had climbed to gain access, via a window, to an adjoining office at the Queens Narcotic District Office. Petitioner's injury was not the result of an "accident" within the meaning of Administrative Code of the City of New York § 13-252 (*see, Matter of Starnella v Bratton*, 92 NY2d 836, 839), but of her own conscious and highly imprudent decision to attempt to gain entry to an office by means of a window ledge.

Accordingly, in light of the evidence rationally supportive of the conclusion that petitioner's disability is attributable to her own wilful negligence (*see, id.*), respondent's determination which, on the basis of a tie vote, denied petitioner's application for accident disability retirement benefits and awarded her ordinary disability retirement benefits only, may not be disturbed. We cannot say that petitioner is entitled to greater benefits as a matter of law (*see, Matter of Canfora v Board of Trustees of Police Pension Fund,* 60 NY2d 347, 351-352).

We have reviewed petitioner's remaining arguments and find them unavailing. Concur—Sullivan, P. J., Nardelli, Tom, Saxe and Friedman, JJ.