■ In the Matter of PAUL DALTON, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York, et al., Respondents. [791 NYS2d 100]—

Order and judgment (one paper), Supreme Court, New York County (Robert D. Lippmann, J.), entered October 16, 2003, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul respondents' determination denying petitioner's application for accidental disability retirement benefits in consequence of a tie vote of respondent Board of Trustees, unanimously affirmed, without costs.

The application was properly denied since the line-of-duty occurrence found to have been the cause of petitioner's disability, i.e., petitioner's catching of his gunbelt on the door of his patrol vehicle and consequent twisting movement, was not a sudden unexpected event but an incident of his routine duties, the risk of which was evidently enhanced by petitioner's own adjustment of the patrol vehicle's seat for riding comfort, which admittedly made entering and exiting the vehicle more difficult (*see Matter of Starnella v Bratton,* 92 NY2d 836 [1998]; *Matter of McCambridge v McGuire,* 62 NY2d 563 [1984]). While petitioner contends that his disability was caused by a prior line-of-duty incident, the Medical Board's determination to the contrary, which is supported by some credible evidence, including the circumstance that petitioner returned to full duty for two years after the prior incident, may not be disturbed (*see Matter of Quill v Ward,* 138 AD2d 305 [1988]). Concur—Buckley, P.J., Andrias, Friedman, Gonzalez and Sweeny, JJ.