■ In the Matter of RALPH C. BROWN, Appellant, v RAYMOND KELLY as Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [953 NYS2d 509]—

Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered June 20, 2011, denying the petition to annul respondents' denial of accidental disability retirement (ADR) benefits, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Petitioner was injured while changing from street clothes to his uniform. His firearm discharged when a radio antenna in his locker lodged in the trigger, releasing the safety mechanism. The bullet injured petitioner's right hand, rendering him unable to perform the full duties of a police officer. An investigation by respondents resulted in a finding of "Accidental Discharge, Violation" resulting from petitioner's "disregard for proper firearms safety."

The denial of ADR based on a tie vote of the Board of Trustees can be set aside on judicial review only if the court concludes that the retiree is entitled to greater benefits as a matter of law on a record that the disability was the natural and proximate result of a service-related accident (*see Matter of McCambridge v McGuire*, 62 NY2d 563, 568 [1984]). An accident is a "sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57

NY2d 1010, 1012 [1982] [internal quotation marks omitted]). Injuries sustained while performing routine duties, but not resulting from unexpected events, are not accidents (*see Matter of Starnella v Bratton*, 92 NY2d 836, 839 [1998]; *McCambridge* at 568).

Petitioner failed to establish as a matter of law that his injuries resulted from an accident or out of the ordinary event. Petitioner was aware that special safety precautions were required when handling a firearm, and respondents' conclusion that his negligence caused the gun to discharge was rationally based (*see e.g. Matter of Dalton v Kelly*, 16 AD3d 200 [1st Dept 2005], *lv denied* 10 NY3d 705 [2008]). Concur—Mazzarelli, J.P., Moskowitz, Richter, Abdus-Salaam and Feinman, JJ. ■