■ In the Matter of Paul H. Smith, Petitioner, v New York State and Local Retirement System, Respondent. [959 NYS2d 762]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner was a maintenance worker at the Carthage Central School District in Jefferson County. He and another employee were assigned to repair the masonry in the walls of an elevator shaft. They stopped the elevator between floors so that the roof of the elevator was two to four feet above the hall floor. They placed a sheet of heavy plastic over the roof of the elevator to protect it from mortar debris, as directed by their supervisor. They then placed a smaller sheet of plywood on the plastic to provide a surface upon which to place a ladder. They braced the plywood against bars on top of the elevator and then positioned a 15-foot extension ladder on top of it, resting the ladder against the elevator shaft.

It was petitioner's job to apply the mortar from the ladder while his coworker remained in the hallway mixing the mortar. While petitioner was on the ladder, the ladder slid off the elevator roof and fell in the hallway. As a result, petitioner fell, injuring his foot and ankle. He subsequently applied for disability retirement benefits under Retirement and Social Security Law article 15. A Hearing Officer ruled that petitioner was entitled to receive such benefits because the event in question constituted an accident within the meaning of Retirement and Social Security Law § 605. The Comptroller later reversed this decision and denied petitioner's application. This CPLR article 78 proceeding ensued.

The party seeking disability retirement benefits bears the burden of demonstrating that the incident causing his or her injury was an accident, which has been defined for disability purposes as " 'a sudden, fortuitous mischance, unexpected, out

of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982], quoting *Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222 [1959]). "[A]n injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (*Matter of Kenny v DiNapoli*, 11 NY3d 873, 874 [2008] [internal quotation marks and citation omitted]).

Both petitioner and the individual working with him testified that either the plywood slipped on the plastic or the ladder slipped on the plywood. The result, as explained by these individuals, was that the bottom of the ladder came off the roof of the elevator and into the hallway, with petitioner falling. There was no evidence that the fall occurred as a result of a misstep by petitioner on the ladder or in any fashion other than as explained by petitioner and his coworker. The fact that they were not sure of the exact cause is not fatal to petitioner's application since we agree with the Hearing Officer that under either scenario (i.e., the plywood slipping on the plastic or the ladder slipping on the plywood), it was a sudden and unexpected event constituting an accident as a matter of law when the ladder upon which petitioner was working slid off an elevator roof and dropped several feet into an adjoining hallway (*see Matter of Starnella v Bratton*, 92 NY2d 836, 839 [1998]; *Matter of Pratt v Regan*, 68 NY2d 746, 747-748 [1986]; *Matter of McCambridge v McGuire*, 62 NY2d 563, 568 [1984]; *Matter of Murphy v New York State Comptroller*, 92 AD3d 1022, 1022-1023 [2012]).

Mercure, J.P., Rose and Garry, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to the Comptroller for further proceedings not inconsistent with this Court's decision.