Matter of Cavallo v DiNapoli (2018 NY Slip Op 08734)





Matter of Cavallo v DiNapoli


2018 NY Slip Op 08734


Decided on December 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 20, 2018

526613

[*1]In the Matter of THOMAS CAVALLO, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, Respondent.

Calendar Date: November 16, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Devine and Clark, JJ.


Bartlett LLP, White Plains (Michael J. Catallo of counsel), for petitioner.
Barbara D. Underwood, Attorney General, Albany (William E. Storrs of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Devine, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's applications for accidental and performance of duty disability retirement benefits.
Upon responding to a fire call on July 10, 2012, petitioner, an assistant fire chief, exited the SUV that he was in and sustained an injury to his right foot when he awkwardly stepped out of the vehicle onto a curb. Petitioner applied for accidental and performance of duty disability retirement benefits based upon that injury, as well as alleged consequential injuries following foot surgery. The New York State and Local Retirement System conceded that petitioner was permanently disabled as a result of his right foot condition. At the conclusion of the administrative hearing, the Hearing Officer denied both applications, determining that the July 2012 incident was not an accident within the meaning of the Retirement and Social Security Law and that petitioner failed to establish that his disability arose out of that incident. Respondent adopted the Hearing Officer's findings and conclusions, prompting petitioner to commence this CPLR article 78 proceeding.
Initially, respondent concedes, and our review of the record confirms, that substantial evidence does not support the determination denying petitioner's application for performance of duty disability retirement benefits with regard to his right foot injury. In denying that application, respondent relied on the medical testimony of an orthopedic surgeon who opined that the trauma that petitioner sustained while stepping from the vehicle would not interrupt the blood supply to the bone so as to cause disabling necrosis. The orthopedic surgeon further testified, however, that the incident could have exacerbated a previously asymptomatic condition so as to lead to permanent incapacitation. In view of this, the matter must be remitted to respondent for further proceedings (see Matter of Rawson v DiNapoli, 150 AD3d 1606, 1607-1608 [2017]).
Turning to the denial of petitioner's application for accidental disability retirement benefits, "petitioner bears the burden of demonstrating that his disability arose out of an accident as defined by the Retirement and Social Security Law, and respondent's determination in that regard will be upheld if supported by substantial evidence" (Matter of Stancarone v DiNapoli, 161 AD3d 144, 146 [2018] [internal quotation marks, brackets and citations omitted]; see Matter of Iovino v DiNapoli, 162 AD3d 1447, 1447 [2018]). An "accident" is defined as "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kelly v DiNapoli, 30 NY3d 674, 681 [2018] [internal quotation marks and citations omitted]). "[T]he controlling standard for determining whether an injury was caused by an accident for purposes of the Retirement and Social Security Law remains whether the precipitating event was sudden, unexpected and not a risk of the work ordinarily performed" (Matter of Stancarone v DiNapoli, 161 AD3d at 149; see Matter of Kelly v DiNapoli, 30 NY3d at 682).
Petitioner testified that, at the time of the incident, he was responding to a routine fire call when he stopped his vehicle next to a curb that was higher than he was used to and made up of individual stones instead of flat slate. He was looking up at the scene as his training required and had not noticed the curbing — which was, in any event, obscured by the running board of his vehicle — and injured his foot when he stepped awkwardly onto it. A firefighter's misstep while responding to a fire call is not, without more, "so out-of-the-ordinary or unexpected as to constitute an accidental injury" (Matter of Starnella v Bratton, 92 NY2d 836, 839 [1998]; see Matter of Kelly v DiNapoli, 30 NY3d at 683; Matter of Sestito v DiNapoli, 161 AD3d 1499, 1500 [2018]). Respondent found as much and, while a different result could perhaps be justified from the record proof, substantial evidence exists to support the determination that there was no "precipitating accidental event which was not a risk of the work performed that caused [petitioner's] injury" (Matter of Sestito v DiNapoli, 161 AD3d at 1500 [internal quotation marks and citations omitted]; see Matter of Kelly v DiNapoli, 30 NY3d at 681-682; compare Matter of Pratt v Regan, 68 NY2d 746, 747 [1986]; Matter of Loia v DiNapoli, 164 AD3d 1513, 1515 [2018]). Thus, respondent's determination denying the application for accidental disability retirement benefits is supported by substantial evidence.
Garry, P.J., McCarthy, Egan Jr. and Clark, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as denied petitioner's application for performance of duty disability retirement benefits; matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.