Matter of Muhammad v Shea (2024 NY Slip Op 00811)

Matter of Muhammad v Shea

2024 NY Slip Op 00811

Decided on February 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024

Before: Manzanet-Daniels, J.P., Oing, Kapnick, Shulman, JJ. 

Index No. 151721/20 Appeal No. 1653 Case No. 2023-02497 

[*1]In the Matter of Aisha Muhammad Petitioner,
v
Dermot F. Shea, etc., et al., Respondents.

Stewart Lee Karlin Law Group, P.C., New York (Natalia Kapitonova of counsel), for petitioner.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Debra A. James, J.), entered November 1, 2022, denying the petition to annul the determination of respondent Board of Trustees of the Police Pension Fund, Article II, dated October 15, 2019, which denied petitioner's application for accidental disability retirement benefits, and dismissing the proceeding brought under CPLR article 78, unanimously affirmed, without costs.
Petitioner was involved in a May 5, 2014 auto accident, which occurred in the line of duty, and a November 24, 2014 auto accident, which did not occur in the line of duty. Credible evidence supported the Board of Trustees' determination that there was no causal connection between petitioner's disability and her May 5, 2014 line-of-duty injury, as the record showed that petitioner's injuries resulted from the November 2014 non-line-of-duty accident (see Matter of Meyer v Board of Trustees of the N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139, 145-146 [1997]). After the May 2014 line-of-duty accident, in which there was only minimal damage to the police car, one of petitioner's treating doctors noted that her prognosis was good and that her pain would resolve given time without the expectation of progressive problems. By contrast, on March 11, 2015, one of petitioner's treating doctors noted that she first complained of neck and back pain after the November 2014 non-line-of-duty accident. Furthermore, although petitioner underwent arthroscopic surgery, her doctors determined that the surgery was warranted only after the November 24 accident, not after the May 5 accident. The Medical Board also properly considered the fact that petitioner returned to full duty after the May 2014 accident, but went on limited duty after the November 2014 accident, and never again returned to full duty before she retired (see Matter of Dalton v Kelly, 16 AD3d 200, 201 [1st Dept 2005], lv denied 10 NY3d 705 [2008]).
We reject petitioner's contention that members of the Board of Trustees improperly pressured the Medical Board to rescind its initial recommendation in her favor, as the record does not suggest that the Board of Trustees exercised any undue pressure on the Medical Board. Rather, the record shows that one of the Trustees noticed that the Medical Board's report did not mention the November 24, 2014 accident, thus raising the possibility that the Medical Board was not aware of that accident and mistakenly attributed all of petitioner's injuries to the May 5, 2014 accident. Under those circumstances, the Board of Trustees was entitled to remand the matter to the Medical Board to expressly consider the effect of the later accident on petitioner's condition, and the Medical Board had a valid basis to change its opinion.
We also reject petitioner's assertion that the Medical Board's final review improperly considered litigation that she had initiated against a third party for injuries resulting from the November 2014 accident[*2]. Petitioner's initiation of litigation suggests that she believed at least some of her injuries were caused by the November 2014 non-line-of-duty accident, not the prior line-of-duty accident, and the Medical Board appropriately took this fact into consideration.
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2024