| |
|---|
| **Ciccone v Sewell** |
| 2024 NY Slip Op 31186(U) |
| April 8, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155142/2023 |
| Judge: Nicholas W. Moyne |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | **HON. NICHOLAS W. MOYNE** | PART | **41M** |
| | *Justice* | | |

-------------------------------------------------------------------X

MEENAWATTI CICCONE,

Plaintiff,

- v -

KEECHANT SEWELL, THE BOARD OF TRUSTEES OF
THE NEW YORK CITY POLICE PENSION FUND, ARTICLE
II

Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155142/2023 |
| **MOTION DATE** | 06/07/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34

were read on this motion to/for _____ ARTICLE 78 (BODY OR OFFICER) _____ .

Upon the foregoing documents, it is

In this article 78 petition, petitioner, Meenawatti Ciccone, is seeking to annul a decision by the respondents, Keechant Sewell and The Board of Trustees of the New York City Police Pension Fund, Article II, finding that the petitioner, a retired police officer, is only eligible for Ordinary Disability Retirement benefits ("ODR") and not Accident Disability Retirement benefits ("ADR"). Ultimately, the issue comes down to whether, as a matter of law, the petitioner's injury was caused by an "accident" as within the meaning of the New York City Administrative Code.

Petitioner was injured in the backyard of a private dwelling while she was investigating a report of a missing and/or possibly stolen cell phone. The petitioner and her partner were led to this location via GPS data, which was provided by the complaining witness, a young woman. Neither the petitioner nor her partner had ever been to the location before. After hearing a pinging sound, the petitioner began searching the surrounding yard and bushes. While the

**155142/2023  CICCONE, MEENAWATTI vs. SEWELL, KEECHANT ET AL**
**Motion No.  001**

Page 1 of 6

[* 1]

petitioner was canvassing the ground for the phone, she stumbled backwards into a short, recessed, two-step stairwell. Photographs of the accident scene, which were submitted to the Board of Trustees for review, demonstrate that the staircase into which Officer Ciccone fell was flush to the ground and had no guardrail on the left side of the stairwell into which she fell (NYSCEF Doc. No. 9).

At the November 9, 2022, meeting with the Board of Trustees, the petitioner claimed that she unexpectedly stepped off a ledge of an exterior two-step staircase and fell from the staircase as she was backing up and scanning the area across the staircase for the stolen or missing cellphone (NYSCEF Doc. No. 10). It was also noted that the fall occurred during day light and the petitioner had passed by the staircase or may have previously observed it. Therefore, the respondents contend that the petitioner did not prove that the fall was a result of an accident. Respondents characterize her injuries as having occurred in the course of her ordinary and routine duties and were caused by her own negligence or misstep. According to the respondents, the petitioner's fall was not so unexpected or out-of-the-ordinary as to constitute an accidental injury as a matter of law (*see Starnella v Bratton*, 92 NY2d 836, 839 [1998]).

However, the petitioner contends that her fall was not a result of a mere misstep but rather, the staircase was in an unfamiliar location and had no guardrail. As a result, it therefore amounted to a large open hole in the ground. Notably, the petitioner was looking down as she walked because she was scanning the ground in search of the missing cellphone. The petitioner argues that caselaw from the Court of Appeals designates that the circumstance of her fall constitutes an "accident" within the meaning of the disability statutes. Accordingly, she is entitled to ADR benefits.

**155142/2023 CICCONE, MEENAWATTI vs. SEWELL, KEECHANT ET AL**
**Motion No. 001**

**Page 2 of 6**

2 of 6

The material facts are not in dispute and the issue before the court is whether the respondents acted irrationally or arbitrarily in concluding that the petitioner's injuries were not the result of an "accident" as defined by the applicable Appellate caselaw. As referenced above, the Court of Appeals has defined an accident in this context as a, "sudden fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (*see Starnella*, 92 NY2d at 839, quoting *Matter of Lichtenstein v Board of Trustees*, 57 NY2d 1010, 1012 [1982]). Additionally, the Court of Appeals has expanded on that standard and has held that not every line of duty injury constitutes an accident. Instead, if an injury is sustained as the result of the performance of an employee's regular, routine, or normal duties, it does not constitute an accident; as opposed to injuries sustained by precipitating events which were sudden, unexpected, and not an inherent risk of the work ordinarily performed which are accidents (*see Matter of Kelly v DiNapoli*, 30 NY3d 674, 678 [2018]; *Matter of McCambridge v McGuire*, 62 NY2d 563, 567-568 [1984]). As such, "[i]t is the precipitating cause of the injury, rather than the job assignment at the time, that determines entitlement to accidental disability benefits" (*McCambridge*, 62 NY2d at 567).

In the *Starnella* case, the Court of Appeals considered the issue of whether an incident was an accident for purposes of ADR benefits. In *Starnella*, the Court held that a petitioner's fall down a staircase due to his own misstep was "not so out-of-the-ordinary or unexpected as to constitute an accidental injury as a matter of law" (*Starnella*, 92 NY2d at 839). Respondents assert that *Starnella* is analogous to this matter and therefore requires dismissal of the present petition.

However, *Starnella* may be distinguished from the instant case. In *Starnella*, the injured petitioner was fully aware that he was walking down a staircase, and his fall was caused solely by his own misstep. Yet in this case, the petitioner was walking backwards in a completely

**155142/2023   CICCONE, MEENAWATTI vs. SEWELL, KEECHANT ET AL**
**Motion No. 001**

**Page 3 of 6**

3 of 6

[* 3]

unfamiliar area when she fell into an unguarded and depressed area while searching the ground for a cellphone. To the small extent that the petitioner may be at fault for her accident, it would not be due to a misstep but would instead be due to inattention to, or lack of awareness of, her surroundings.

Inattention and missteps are distinguishable. While the respondents would perhaps argue that the distinction is without difference, the caselaw suggests a more nuanced analysis is in order. When a person falls down a flight of stairs due to tripping over his or her own feet or by misjudging the distance between steps, it is clearly not an accident in this context because there is no external precipitating accidental event (*see Stancarone v DiNapoli*, 161 AD3d 144, 148 [3d Dept 2018]; see also *Starnella*, 92 NY2d at 839; ["[a] fall down the stairs as a result of one's own misstep, without more, is not so out-of-the-ordinary or unexpected as to constitute an accidental injury as a matter of law"]). Considering, injuries caused by ordinary clumsiness or misjudgment and not by some external event do not constitute accidents within the Administrative Code or its' equivalent provision in the Retirement and Social Security Law (*see Stancarone*, 161 AD3d at 148; *Matter of West v DiNapoli*, 79 AD3d 1565, 1566 [3d Dept 2010]; *Matter of Tomita v DiNapoli*, 66 AD3d 1071, 1071-1072 [3d Dept 2009]; *Matter of McCabe v Hevesi*, 38 AD3d 1035, 1036 [3d Dept 2007]).

However, a fall caused by inattention may be an accident if the inattention results in a person failing to observe a dangerous condition such as a slippery, wet, or uneven surface. This can be true, under certain circumstances, even if the condition would have been readily observable had the injured party paid proper attention. So long as the injury-causing event can fairly be said to be sudden, unexpected, and not a normal risk of the work performed, it is immaterial whether it was hidden or not observable before the accident (*see Kelly*, 30 NY3d at

**155142/2023  CICCONE, MEENAWATTI vs. SEWELL, KEECHANT ET AL**
**Motion No. 001**

**Page 4 of 6**

[* 4]

4 of 6

685 n3; *Starnella*, 92 NY2d at 839; *Matter of Pratt v Regan*, 68 NY2d 746, 747-748 [1986]; *McCambridge*, 62NY2d at 568).

The Court of Appeals has applied this definition in a series of cases which reversed the denial of awards of Accidental Disability benefits, despite the deferential standard of appellate review. In the seminal case of *McCambridge v McGuire,* the Court reversed award denials for falls occurring when a fellow officer moved away as his coworker arose from a desk chair, causing the coworker to lose balance and fall; and in the companion case, when an officer encountered wet pavement while entering a patrol vehicle during a rainstorm and fell to the ground (*McCambridge*, 62NY2d at 569). In *Pratt v Regan*, a firefighter fell while exiting his fire truck when he stepped into a pothole in the pavement with one foot; the denial of his award was also reversed (*Pratt,* 68 NY2d at 747–748).[1]

At the November 9, 2022, meeting of the Board of Trustees, there was an extensive discussion regarding whether the petitioner should have seen the staircase when she entered the backyard and what the circumstances surrounding her fall into the staircase were. The clear implication of this discussion was that the Board was primarily, if not exclusively, evaluating whether the condition in this matter was readily observable. However, without consideration

---

[1] The First Department, following the lead of the Court of Appeals, has recognized that circumstances similar to what happened to the petitioner herein can constitute qualifying accidents under the Administrative Code. In *Matter of Flannelly v Board of Trustees of N.Y.C. Police Pension Fund*, 278 AD2d 113 [1st Dept 2000], the officer tripped and fell over a "tangle of television and VCR wires in the women's locker room of the police station where she worked, while performing a routine security inspection" (*Id.*). The Court found that, as a matter of law, the petitioner in Flannelly had suffered a service-related accident, entitling her to an ADR. The court noted that, "[t]he record shows that the wires were in an unexpected location at the entrance of the locker room, a situation that had been recently created by painters who, unbeknownst to petitioner or anyone else in the police station, had moved the television and VCR and unplugged their wires" (*Id.*, at 113). These circumstances are strikingly similar to the facts herein as well as those presented in *McCambridge*.

**155142/2023  CICCONE, MEENAWATTI vs. SEWELL, KEECHANT ET AL**
**Motion No. 001**

Page 5 of 6

5 of 6

were the facts highlighting that the petitioner was in an unfamiliar location, engaged in the search of a cellphone belonging to a young girl (not necessarily a routine activity), and fell backwards into a recessed staircase with no guardrail. When considering these facts, they demonstrate that the petitioner's disability may well have been caused by an event that was a sudden fortuitous mischance, unexpected, out of the ordinary, and injurious in impact. Nor did the Board of Trustees adequately consider whether the petitioner's activities leading up to her injury were ordinary within the course of her duties as a police officer. Accordingly, this proceeding should be remanded back to the Board of Trustees so that they may properly consider all of the relevant factors.

For the reasons set forth herein and on the record at oral argument, it is hereby;

ADJUDGED and ORDERED that the petition is granted to the limited extent that this matter is remanded back to the Board of Trustees for reconsideration on the issue of whether the petitioner's disabling injuries were the result of a qualifying accident under the New York City Administrative Code; and it is further

ADJUDGED and ORDERED that the petition is otherwise denied.

This constitutes the decision and order of the court.

_4/8/2024_
DATE

NICHOLAS W. MOYNE, J.S.C.

CHECK ONE:               [X] CASE DISPOSED          [ ] NON-FINAL DISPOSITION
                         [ ] GRANTED   [ ] DENIED   [X] GRANTED IN PART      [ ] OTHER
APPLICATION:             [ ] SETTLE ORDER           [ ] SUBMIT ORDER
CHECK IF APPROPRIATE:    [ ] INCLUDES TRANSFER/REASSIGN  [ ] FIDUCIARY APPOINTMENT  [ ] REFERENCE

**155142/2023   CICCONE, MEENAWATTI vs. SEWELL, KEECHANT ET AL**          **Page 6 of 6**
**Motion No.  001**

6 of 6

[* 6]