■ In the Matter of TUCKER GRAY, Appellant, v BERNARD KERIK, as Police Commissioner of the City of New York, et al., Respondents. [791 NYS2d 9]—

Order and judgment (one paper), Supreme Court, New York County (Nicholas Figueroa, J.), entered September 19, 2003, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul respondents' determination denying him accidental disability retirement benefits, unanimously affirmed, without costs.

In reaching its determination, the Board of Trustees was entitled to rely on contemporaneous accounts of petitioner's line of duty injury (see Matter of Morgan v Kerik, 305 AD2d 288 [2003], lv denied 1 NY3d 507 [2004]; Matter of Reichfeld v Safir, 259 AD2d 298 [1999], lv denied 93 NY2d 809 [1999]), indicating simply that petitioner twisted and felt a snap in his knee as he exited his patrol car to direct traffic. Inasmuch as an officer's stepping out of his car to direct traffic does not, without more, constitute the sort of "sudden, fortuitous mischance" that may be deemed "accidental" within the meaning of Administrative Code of the City of New York § 13-252 (see Matter of Lichtenstein v Board of Trustees of Police Pension Fund, 57 NY2d 1010, 1012 [1982]; accord Matter of Starnella v Bratton, 92 NY2d 836, 839 [1998]), there exists no basis to disturb the challenged denial of accidental disability benefits. Concur—Buckley, P.J., Saxe, Friedman, Williams and Sweeny, JJ.