■ In the Matter of STEPHANIE PICCIURRO, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY POLICE PENSION FUND, ARTICLE II, Respondent. [847 NYS2d 553]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered January 5, 2007, dismissing this proceeding to annul an administrative determination denying accidental disability retirement benefits, unanimously affirmed, without costs.

Petitioner, a since-retired New York City police officer, took a one-day voluntary assignment to the post-9/11 recovery effort at the World Trade Center on September 12, 2001. So overwhelming was this experience that she was unable to return to the site the next day, despite being ordered to do so. When she refused to return to Ground Zero on September 13, she was allegedly humiliated and handcuffed by her superior officer in front of her peers, who thereafter subjected her to taunting, causing her to suffer post-traumatic stress disorder and depression. This allegedly rendered her incapable of performing full duties as a police officer and formed the basis of her January 5, 2005 application for accidental disability retirement (ADR). Petitioner argues

that the aforementioned events either precipitated the development of a latent problem or aggravated a preexisting psychiatric condition that had not manifested itself in the eight years of full duty service immediately prior to September 12 and 13, 2001, with the exception of one week in 1999 when she was reassigned from patrol duty and her firearms removed while she suffered depression after learning that her mother was diagnosed with cancer. She further alleges that the record shows a lack of any indication that either the Medical Board or respondent Board of Trustees considered the fact of her service without incident for the eight years prior to September 2001.

Petitioner's ADR application was carefully considered on three separate occasions by the Medical Board and respondent. In each instance, accidental disability retirement benefits were denied, although the third determination ended in a tie vote, which results in an award of ordinary disability benefits.

The trial court properly declined to annul respondent's determination and remand for reconsideration on the issue of the claimed causal connection between petitioner's psychiatric disability and her alleged line-of-duty injury. Court of Appeals decisions involving the circumstance of a tie vote by respondent on an ADR application hold that a reviewing court may only disturb such finding if it determines as a matter of law that causation is established, i.e., that the disability was the natural and proximate result of a line-of-duty accident. Respondent's determination must stand if the record contains any credible evidence of lack of causation (*Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139 [1997]).

Upon review of the record considered by respondent, it is clear that causation as alleged by petitioner was not established as a matter of law. Indeed, for her initial evaluation by the Board she provided "very little documentation" because her psychotherapist, who had treated her for four years, did not submit a report (when questioned about this, her response was "he doesn't do such reports"), and no formal report was submitted by her then-current treating psychiatrist. Rather, the record tends to establish, with a great deal of credible evidence by way of the Medical Board's interview of petitioner and evaluation of her medical records and employment history in the New York City Police Department (NYPD), that petitioner's disability was caused by what the trial court termed her "long-standing personality disorder." This was found to consist of overdependence, paranoia, borderline traits, depression and acting out with rage. This condition, whose existence went back ap-

proximately 10 to 15 years before the alleged causal events, is extensively documented in psychiatric test results and evaluations included in the record. The Medical Board found that after petitioner's initial enrollment and resignation from the Police Academy in 1985, her acute anxiety and "personality traits incompatible with the demands and stresses of the duties of [a] police officer" were the basis for several rejections of her attempts to reenroll. Even when she was eventually reappointed, her psychological fitness was pointedly questioned.

Administrative Code of the City of NY § 13-252 and the relevant case law provide that ADR should be granted only where the applicant is physically or mentally incapacitated for duty as a natural and proximate result of a line-of-duty accident. The applicant has the burden of proving each element of her claim. The Medical Board is the sole determiner of whether the applicant has the injury claimed and whether the injury incapacitates the applicant from the performance of her duties, and its determination on these issues is binding on the Board of Trustees of the Police Pension Fund. Where the Medical Board concludes that the applicant is disabled, it must make a recommendation to the Board of Trustees as to whether the disability was "a natural and proximate result of an accidental injury received in such city-service"; the Board of Trustees must then make its own determination as to the Medical Board's recommendation on causation (Administrative Code § 13-168 [a]; *Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II,* 60 NY2d 347 [1983]). The Board of Trustees' determination as to causation may not be disturbed by a court as lacking rational basis or as arbitrary and capricious if it is based on "substantial evidence," defined in this context as based on some "credible evidence" (*Canfora,* 60 NY2d at 351).

Inasmuch as the Board of Trustees' determination that petitioner's disability was not caused by any accidental line-of-duty injury is rationally based upon substantial evidence, is not arbitrary, capricious, an abuse of discretion or contrary to law, and the record before us does not as a matter of law support petitioner's theory of causation, we are obliged to affirm.

We note that although petitioner asserts both her service on September 12, 2001 and her subsequent humiliation, harassment and taunting by coworkers were the line-of-duty accidents that caused her disability, the record contains statements by her that indicate she felt the latter to be more significant than the former. For example, before the Medical Board in September 2005 she stated, "it was at the scene of the World Trade Center

when I was badly humiliated in front of the other officers by being handcuffed and from then on I was harassed . . . I was told that I shouldn't be an officer and that's my flashback. This is the one that bothers me the most. The officer who put the handcuffs on me ruined my life, that's why I cannot be a full time police officer." However, this theory of causation does not meet the definition of "accident" adopted by the Court of Appeals in this context in *Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II* (57 NY2d 1010, 1012 [1982] ["sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (internal quotation marks and citation omitted)]), and thus does not support her claim (*see Matter of Baird v Kelly*, 25 AD3d 311, 313 [2006], *lv denied* 7 NY3d 707 [2006]).

, We further note that in addition to petitioner's aforementioned initial lack of documentation substantiating her claim and her odd explanation for such omission, the record also suggests that the documentation she subsequently provided from Dr. Chece (dated August 20, 2005) was obtained by her attorney, despite her denial of that fact to the Medical Board. It is also interesting that as of September 8, 2003, the NYPD Psychological Evaluation Section (PES) adjudged petitioner fit for full-duty status, recommended the return of her firearms, and closed her case. PES subsequently refused to support her application for psychiatric disability retirement. Concur—Mazzarelli, J.P., Marlow, Williams, Catterson and Kavanagh, JJ.