■ In the Matter of Stanley Jefferson, Appellant, v Raymond Kelly, as Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [857 NYS2d 161]—

Judgment, Supreme Court, New York County (Lottie E. Wilkins, J.), entered December 11, 2006, dismissing this proceeding brought pursuant to CPLR article 78 seeking to annul respondent Commissioner's determination denying accidental disability retirement benefits, unanimously affirmed, without costs.

The court properly declined to annul respondent's determination and remand for reconsideration on the issue of the claimed causal connection between petitioner's psychiatric disability and his alleged line-of-duty injury. Credible evidence rebuts the World Trade Center presumption (Administrative Code of City of NY § 13-252.1 [1] [a]), assuming it applies (*see Matter of Mulet v Kelly*, 49 AD3d 336 [2008]), and supports the Medical Board's determination that petitioner's disability was not the natural and proximate result of a line-of-duty accident (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139 [1997]). Inasmuch as the challenged determination is rationally based, is not arbitrary, capricious, an abuse of discretion or contrary to law, and the record before us does not support, as a matter of law, petitioner's theory of causation, we are obliged to affirm (*Matter of Picciurro v Board of Trustees of N.Y. City Police Pension Fund, Art. II*, 46 AD3d 346, 348 [2007]). Concur—Gonzalez, J.P., Catterson, McGuire and Moskowitz, JJ. [*See* 14 Misc 3d 191.]