■ In the Matter of William Claudio, Appellant, v Raymond Kelly, as Police Commissioner of the City of New York, and as

Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [924 NYS2d 60]—

Order and judgment (one paper), Supreme Court, New York County (Michael D. Stallman, J.), entered November 17, 2009, as amended December 14, 2009, which denied this CPLR article 78 petition seeking to annul respondents' denial of accidental disability retirement benefits, and dismissed the proceeding, unanimously affirmed, without costs.

The court properly denied the petition seeking to annul respondents' determination and to remand the matter for reconsideration of whether petitioner suffered from a psychiatric disability that was causally related to his alleged line-of-duty injury. The determination was not arbitrary and capricious, an abuse of discretion or contrary to law (see Matter of Mulet v Kelly, 49 AD3d 336 [2008]).

Credible evidence rebutted the presumption that petitioner's disability was caused by his work in recovery operations at the World Trade Center site in the aftermath of 9/11 (Administrative Code of City of NY § 13-252.1 [1] [a]; Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 761 [1996]), and evidence from numerous mental health professionals supported the Medical Board's determination that petitioner's disability was not the natural and proximate result of his employment at Ground Zero (see Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 60 NY2d 347 [1983]; see also Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139 [1997]).

We note that the Board of Trustees made its own independent determination as to the Medical Board's recommendation on causation (see Administrative Code § 13-168 [a]; see also Matter of Picciurro v Board of Trustees of N.Y. City Police Pension Fund, Art. II, 46 AD3d 346, 348 [2007]) prior to adopting the Board's findings (see Matter of Brady v City of New York, 22 NY2d 601 [1968]). Concur—Andrias, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ.