In the Matter of MICHAEL PALLESCHI, Petitioner, v SALVATORE CASSANO et al., Respondents. [959 NYS2d 56]—

Determination of respondent Commissioner of the New York City Fire Department, dated January 21, 2011, terminating petitioner's employment on the grounds of misconduct in violation of departmental regulations, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Barbara Jaffe, J.], entered December 5, 2011), dismissed, without costs.

Respondent's determination that petitioner violated departmental regulations is supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]). Petitioner admittedly photographed a computer screen containing confidential and privileged information concerning a 911 caller's complaint of a gynecological emergency, as well as the 911 caller's name, address and telephone number, and uploaded the image to his Facebook account, along with the caption "[c]an't make this up," to which approximately 460 of petitioner's Facebook "friends" had access. Moreover, at the time of the posting, petitioner understood that divulging such patient information was in violation of departmental rules, as well as a serious breach of trust. Petitioner's argument that the administrative law judge improperly admitted and considered evidence of prior Facebook postings is unpreserved by any objection at the hearing and, in any event, the determination is supported by the record as a whole.

In light of the serious nature of the conduct on the part of petitioner, an emergency medical services supervisor and lieutenant, the penalty imposed does not shock our sense of fairness (*see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]; *Matter of Berenhaus v Ward*, 70 NY2d 436, 445 [1987]). Concur—Mazzarelli, J.P., Renwick, Richter, Gische and Clark, JJ.