■ In the Matter of ROBERT PASTALOVE, Appellant, v RAYMOND KELLY, as the Police Commissioner of the City of New York, and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [991 NYS2d 39]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered July 30, 2012, denying the CPLR article 78 petition to annul the determination of the Board of Trustees of the Police Pension Fund, dated June 8, 2011, which rejected petitioner's application for an accidental disability retirement (ADR) pursuant to Administrative Code of the City of New York § 13-252 in favor of an ordinary disability retirement (ODR), and dismissing the proceeding, affirmed, without costs.

Petitioner, a uniformed police officer with the New York City Police Department, was the first emergency responder to a residential fire in the early morning hours of April 23, 2008. He injured his right hand and wrist when, as he stepped over two fire hoses laid down by the firefighters, they were charged with water, causing him to trip and fall. Petitioner applied for ADR benefits about a year and a half later. The Medical Board Police Pension Fund Article II (Medical Board) found that petitioner had suffered a permanent disability and recommended that he be granted ADR benefits. The Board of Trustees of the New York City Police Pension Fund Article II met on several occasions in 2011 to address the Medical Board's conclusion that petitioner's disability was the direct result of his accident.

The Board of Trustees is always tasked with making its own determination as to causation (*see Matter of Picciurro v Board of Trustees of N.Y. City Police Pension Fund, Art. II*, 46 AD3d

346, 348 [1st Dept 2007]). While it never questioned that petitioner suffered an accident, the Board of Trustees ultimately deadlocked on the question of causation, that is to say, whether his injury occurred as the result of a reasonable risk of his work, or of an out-of-the-ordinary, sudden mischance that would entitle him to ADR benefits. As is customary following a tie vote, the Board of Trustees denied petitioner's application for ADR, and he was awarded ordinary disability benefits (*see Matter of Walsh v Scoppetta*, 18 NY3d 850 [2011]). Petitioner then brought an article 78 proceeding challenging the Board of Trustees's determination as arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]). Supreme Court denied the petition and dismissed the proceeding, and this appeal ensued.

Not every line of duty injury will result in an award of ADR (*see Matter of McCambridge v McGuire*, 62 NY2d 563, 567-568 [1984]). When the denial of ADR benefits to a police officer is the result of a tie vote by the Board of Trustees, this Court is required to uphold the denial unless "it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service-related accident" (*Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 145 [1997] [internal quotation marks omitted]). Thus, the issue before us is whether, reviewing the record, it can be said, as a matter of law, that petitioner's disability was the natural and proximate result of a service-related accident.

In the context of ADR benefits, the Court of Appeals has defined an accident as a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact,' " while " 'an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury' " (*Matter of Kenny v DiNapoli*, 11 NY3d 873, 874 [2008], quoting *Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982]). It is petitioner's burden to establish that his injuries resulted from an accident as defined in the context of ADR (*see Matter of Brown v Kelly*, 100 AD3d 480 [1st Dept 2012]).

Normal risks in most jobs are not unexpected (*see Matter of Gray v Kerik*, 15 AD3d 275, 275 [1st Dept 2005] [the petitioner's knee twisted and "snapped" as he exited his patrol car to direct traffic; stepping out of vehicle to direct traffic does not in itself constitute a "sudden, fortuitous mischance" that is "accidental" under the law (internal quotation marks omitted)]; *see also*

*Matter of Ortiz v New York City Employees' Retirement Sys.*, 173 AD2d 237, 238 [1st Dept 1991], *lv denied* 78 NY2d 864 [1991] [elevator mechanic attempted to step down from the elevator car which he was repairing, caught his foot in the elevator door's gate-chain, and fell two to three feet to the floor below; "nature of the occurrence was reasonably within the risk of the work performed"]; *compare Matter of Finazzo v Safir*, 273 AD2d 75, 75 [1st Dept 2000] [after the employee stepped out of his patrol car and walked toward the station house, he "tripped in a construction hole"; his injury was the result of an accident within the meaning of section 13-252 of the Administrative Code]).

While it is true that petitioner was a police officer, not a firefighter, it cannot be said as a matter of law that his ordinary employment duties did not include responding to a fire emergency. As the Board of Trustees had before it some credible evidence of lack of causation, it did not err as a matter of law in concluding that petitioner's disability was not the result of an accident within the meaning of Administrative Code § 13-252 (*see Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 60 NY2d 347, 352 [1983]). Finally, contrary to the dissent, we do not regard the charging of fire hoses at the scene of a fire as a sudden, fortuitous, or unexpected event. Concur—Friedman, J.P., Andrias, Richter and Feinman, JJ.

Manzanet-Daniels, J., dissents in a memorandum as follows: Petitioner was the first emergency responder to a fire in a multilevel, single room occupancy residential building fire at 3:24 a.m. on April 23, 2008. He parked his vehicle and ran into the smoke-filled building, and was evacuating dozens of tenants through narrow, smoked-filled hallways and down stairwells when the fire department arrived on the scene.

Petitioner exited the building, encountering a chaotic, crowded rescue scene. Petitioner was instructed by fire department personnel to move his vehicle from the front of the building. As petitioner made his way toward the vehicle, a fire hose was unexpectedly "charged," or filled with water, causing it to jump off the ground, and petitioner, who was attempting to step over the hose, to trip and fall. It is undisputed that petitioner suffered a wrist fracture so severe that he was found to be permanently disabled for full police work.

The majority now affirms the decision of the motion court denying petitioner an ADR pension, reasoning that his injury was not the result of a service-related "accident." I cannot countenance such constrictive reasoning, nor its result.

The contemporaneous evidence establishes that petitioner tripped and fell over a fire hose that unexpectedly "charged" while he attempted to comply with the fire department's directive to move his vehicle (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 147 [1997]). This event constitutes "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (*Matter of Starnella v Bratton*, 92 NY2d 836, 838 [1998] [internal quotation marks omitted]).

A trip and fall occasioned by a fire hose, in the middle of a chaotic rescue scene, cannot be characterized as a misstep in the ordinary course of employment, as the majority finds. Petitioner did not fall down a flight of stairs, like the petitioner in *Starnella*, but encountered an unexpected and non-stationary object in the midst of a chaotic, frenetic scene, making the case more similar to *Matter of Flannelly v Board of Trustees of N.Y. City Police Pension Fund* (278 AD2d 113 [1st Dept 2000] [officer's trip and fall over a tangle of television and VCR wires in police locker room, while performing routine security inspection, constituted a service-related accident as a matter of law]).

The fact that a police officer may have familiarity with fire scenes generally, or has responded to fire scenes in the past, is not the equivalent of familiarity or knowledge of a *particular* fire scene sufficient to render the placement or movement of objects "expected"; each fire scene is different and none are stationary or controlled. The majority's decision has the effect of penalizing an officer who, with no thought to his own health or safety, evacuated residents from a burning building, and will dissuade first responders in the future from taking similar heroic action.