■ In the Matter of Lloyd N. Gibbs, Petitioner, v New York State Department of Motor Vehicles et al., Respondents. [65 NYS3d 450]—

Determination of respondents, dated June 13, 2016, affirming a decision of an Administrative Law Judge (ALJ), which, after a hearing, found that petitioner violated Vehicle and Traffic Law §§ 509 (1) and 1211 (a) and imposed an aggregate fine of $266, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, Bronx County [Julia Rodriguez, J.], entered August 2, 2016), dismissed, without costs.

The finding that petitioner backed up in a manner that was unsafe or interfered with traffic, in violation of Vehicle and Traffic Law § 1211 (a), is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). A police officer testified at the hearing that he observed petitioner back up in a manner that caused other cars to swerve to another lane to avoid an accident. Petitioner's contention that the ALJ should have credited his testimony that he backed up safely is unavailing (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]).

The ALJ properly denied petitioner's request to dismiss the charge of unlicensed driving (Vehicle and Traffic Law § 509 [1]) on the ground that the officer lacked probable cause to stop petitioner's car, since the officer's observation of petitioner backing up unsafely provided such probable cause.

Petitioner fails to demonstrate that the ALJ's findings resulted from bias (see Matter of Warder v Board of Regents of Univ. of State of N.Y., 53 NY2d 186, 197 [1981], cert denied 454 US 1125 [1981]; see also Matter of Stone v City of New York, 240 AD2d 216 [1st Dept 1997]).

Petitioner's evidentiary challenges to the hearing are unpreserved (see Matter of Palleschi v Cassano, 102 AD3d 603, 604 [1st Dept 2013]), and this Court has "no discretionary authority" to "reach[ ] an unpreserved issue in the interest of justice" in an article 78 proceeding challenging an administra-

tive determination (*Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001] [internal quotation marks omitted]). Concur—Friedman, J.P., Kahn, Gesmer, Kern and Moulton, JJ.