Matter of Galluccio v O'Neill (2020 NY Slip Op 05136)





Matter of Galluccio v O'Neill


2020 NY Slip Op 05136


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Index No. 100706/2018 Appeal No. 11891 Case No. 2019-04050 

Before: Acosta, P.J., Webber, Moulton, Shulman, JJ. 


[*1]In re Gerard Galluccio, Petitioner-Respondent,
v
James P. O'Neill, etc., et al., Respondents-Appellants.


James E. Johnson, Corporation Counsel, New York (D. Alan Rosinus, Jr., of counsel), for appellants.
Ungaro Cifuni & Jaffe LLP, New York (Daniel S. Jaffe of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered June 27, 2019, granting the petition to annul respondents' determination, dated February 14, 2018, which denied petitioner's application for accident disability retirement benefits, and remanding the matter for an award of such benefits, unanimously reversed, on the law, without costs, the petition denied and the proceeding brought pursuant to CPLR article 78 dismissed.
Responding to a family disturbance call, petitioner police officer was exiting the passenger side of his patrol van in haste when his service firearm got caught on the seatbelt, and he fell to the ground, suffering spine and shoulder injuries.
The NYC Administrative Code requires Accident Disability Retirement (ADR) benefits when a medical examination shows that the police officer is "physically or mentally incapacitated for the performance of city-service as a natural and proximate result of an accidental injury received in such city-service while a member" of the Pension Fund, the "disability was not the result of willful negligence" by the officer, and the officer "should be retired" (NYC Admin. Code § 13-252).
Supreme Court erred in granting the petition and annulling the board's determination that petitioner's injury did not arise from an unexpected accident or from a risk inherent in the job of being a police officer. The board correctly determined that petitioner's injury was not caused by an accident as defined in the NYC Administrative Code and applicable case law.
"[N]ot every line-of-duty injury will support an award of accidental disability retirement . . . an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties . . . is not an accidental injury" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., 57 NY2d 1010, 1011-1012 [1982]); see Matter of Gray v Kerik, 15 AD3d 275 [1st Dept 2005]; Matter of Dalton v Kelly, 16 AD3d 200 [1st Dept 2005], lv denied 10 NY3d 705 [2008]; Matter of Tarr v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 98 AD2d 687 [1st Dept 1983]; compare Matter of Pratt v Regan, 68 NY2d 746, 747-748 [1986] ["Catching a heel on a running board and thus losing balance may be a risk of the work performed, but coming
down hard upon the other foot in a pothole is not. Thus, it was a sudden, unexpected event"]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020