Matter of McCartan v Shea (2022 NY Slip Op 07156)

Matter of McCartan v Shea

2022 NY Slip Op 07156

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Webber, J.P., Friedman, González, Mendez, JJ. 

Index No. 159363/20 Appeal No. 16885 Case No. 2022-01596 

[*1]In the Matter of Stacey McCartan, Petitioner-Appellant,
v
Dermot F. Shea, as the Police Commissioner of the City of New York, etc., et al., Respondents-Respondents.

Goldberg & McEnaney, LLC, Port Washington (Timothy McEnaney of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amanda Abata of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Carol Edmead, J.), entered on or about October 14, 2021, denying the petition to annul the determination of respondent The Board of Trustees of the New York City Police Pension Fund, Article II, dated April 9, 2020, which denied petitioner's application for accidental disability retirement benefits, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner failed to establish, as a matter of law, that her trip and fall on a piece of gym equipment lying on the hallway floor of the station house constituted an "accident" within the meaning of Administrative Code of City of NY § 13-252 (see generally Matter of Pastalove v Kelly, 120 AD3d 419, 420-421 [1st Dept 2014]). Rather, credible evidence demonstrated that the equipment was conspicuous and readily observable, and that the incident occurred during an ongoing renovation of the gym, undermining petitioner's contention that her injuries were the result of a sudden and unexpected circumstance (see Matter of Lang v Kelly, 101 AD3d 561, 561-562 [1st Dept 2012], affd 21 NY3d 972 [2013]; Matter of Doyle v Kelly, 8 AD3d 125, 126 [1st Dept 2004]).
Petitioner's contention that the Board of Trustees improperly denied her the opportunity to testify at the hearing is unpreserved, and this Court has "no discretionary authority" to reach an unpreserved issue in an article 78 proceeding (Matter of Gibbs v New York State Dept. of Motor Vehs., 156 AD3d 505, 505 [1st Dept 2017] [citation omitted]). In any event, the argument is unavailing, as the Board of Trustees had before it the statements petitioner made in her line-of-duty injury report and memo book, as well as submissions by her representative, and was able to make an advised determination based on the evidence presented (cf. Matter of Brady v City of New York, 22 NY2d 601, 605-607 [1986]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022