Matter of Martorana v New York City Fire Pension Fund (2023 NY Slip Op 02977)

Matter of Martorana v New York City Fire Pension Fund

2023 NY Slip Op 02977

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Kapnick, J.P., Oing, Moulton, Kennedy, Mendez, JJ. 

Index No. 153092/20 Appeal No. 405 Case No. 2022-05594 

[*1]In the Matter of John Martorana, Petitioner-Appellant,
v
The New York City Fire Pension Fund, et al., Respondents-Respondents.

Seelig Law Offices, LLC, New York (Philip H. Seelig of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Susan Paulson of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Debra A. James, J.), entered November 25, 2022, denying the petition to annul respondents' determination, dated December 20, 2019, which denied petitioner's application for accidental disability retirement benefits, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court properly concluded that respondents' determination was based on credible evidence in the record, which was cited by the Medical Board. The Medical Board found that petitioner's foot pain was caused by a preexisting neuroma and osteoarthritis, rather than the plantar plate tear that resulted from petitioner's accident. Based on its physical examination of petitioner, the Medical Board determined that the plantar tear had healed, and the medical literature it cited in its opinion supported that conclusion. The Medical Board specifically noted that during its physical examination, petitioner experienced pain from the squeeze test in the area of the neuroma and that there was no instability in his foot. Respondent Board of Trustees was entitled to rely on the Medical Board's opinion that the disability was not caused by the line-of-duty accident (see Matter of Christian v New York City Employees' Retirement Sys., 56 NY2d 841, 843 [1982]; Matter of Bailey v Kelly, 11 AD3d 208, 209 [1st Dept 2004]).
Petitioner did not establish through medical or other evidence that his asymptomatic preexisting conditions were exacerbated by the accident (see Matter of Russell v New York City Fire Pension Fund, 192 AD3d 442, 443 [1st Dept 2021]; Matter of Pastalove v Kelly, 120 AD3d 419, 420 [1st Dept 2014]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023