Matter of Rivera v Board of Trustees of N.Y. Fire Dept. (2023 NY Slip Op 05379)

Matter of Rivera v Board of Trustees of N.Y. Fire Dept.

2023 NY Slip Op 05379

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Kern, J.P., Moulton, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 156115/21 Appeal No. 678 Case No. 2022-04201 

[*1]In the Matter of Jorge Rivera, Petitioner-Respondent,
v
Board of Trustees of N.Y. Fire Dept., et al., Respondents-Appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Lauren L. O'Brien of counsel), for appellants.
Napoli Shkolnik PLLC, New York (Stephen Holihan of counsel), for respondent.

Judgment, Supreme Court, New York County (Frank Nervo, J.), entered July 28, 2022, granting the petition brought pursuant to CPLR article 78 to annul the determination of respondent Board of Trustees of the New York City Fire Department, Subchapter II Fire Pension Fund, dated February 26, 2021, which denied petitioner's application for accidental disability retirement (ADR) benefits, and for attorneys' fees, and awarding petitioner ADR benefits and attorneys' fees in an amount to be determined by a JHO/Referee, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.
Petitioner was diagnosed with a serious leg injury after experiencing dehydration following training as a firefighter. Appellant Board of Trustees of NY Fire Department (the Board) denied petitioner ADR benefits. Supreme Court granted petitioner's CPLR article 78 petition to annul the Board's determination and, among other things, awarded petitioner ADR benefits.
ADR benefits are awardable only where the individual's disability was the natural and proximate result of a service-related accident, i.e., "a 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact'" (Matter of Brown v Kelly, 100 AD3d 480, 480 [1st Dept 2012], quoting Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of NY, Art. II, 57 NY2d 1010, 1012 [1982]). Petitioner's injury was the result of an incidental  not accidental  event (see generally Matter of Kelly v DiNapoli, 30 NY3d 674, 681-685 [2018]) because the injury was sustained while petitioner was performing routine duties, not as a result of an unexpected event (see Brown, 100 AD3d at 480; see also Matter of McCambridge v McGuire, 62 NY2d 563, 568 [1984]; Matter of Galluccio v O'Neill, 186 AD3d 1153 [1st Dept 2020]). Dehydration suffered by petitioner while running in hot weather in heavy gear was a foreseeable risk of the firefighting training exercise (see Matter of Gray v Kerik, 15 AD3d 275, 275 [1st Dept 2005]).
The court should not have awarded petitioner attorneys' fees. There was no basis for the award absent an agreement, statute, or court rule providing for the relief (see Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5 [1986]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023