Matter of Chaplar v Sewell (2023 NY Slip Op 06438)

Matter of Chaplar v Sewell

2023 NY Slip Op 06438

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Manzanet-Daniels, J.P., Oing, Moulton, Shulman, Rosado, JJ. 

Index No. 157388/22 Appeal No. 1229 Case No. 2023-03743 

[*1]In the Matter of Charles Chaplar, Petitioner-Appellant,
v
Keechant Sewell, etc., et al., Respondents-Respondents.

Chet Lukaszewski, P.C., Mineola (Chet Lukaszewski of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amanda Abata of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Lyle E. Frank, J.), entered February 21, 2023, denying the petition to annul the determination of respondent Board of Trustees, dated May 11, 2022, which denied petitioner's application for accidental disability retirement benefits, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner was injured when he fell into the rescue well while he was assisting in docking a boat as part of his job duties with the NYPD Harbor Unit. The rescue well can be covered by a metal grated walkway that is encompassed by a metal frame. It is attached to the wall adjacent to the rescue well. To traverse the side of the boat, the metal frame is detached from the wall and lowered to cover the rescue well. However, on the evening petitioner was injured, the yellow metal grated walkway portion of the metal frame was missing, which petitioner did not notice when he lowered the metal frame to cover the rescue well. As he stepped forward to walk over the metal grate, he fell through the uncovered rescue well.
The court properly found that petitioner did not sustain his burden of showing that the Trustees' determination to deny his application for accidental disability retirement benefits (ADR) was arbitrary and capricious or unlawful as a matter of law based on the Trustees' finding that his injury was not the result of an accident as defined in the context of ADR (see Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 60 NY2d 347, 351 [1983]; Matter of Evans v City of New York, 145 AD2d 361 [1st Dept 1988]).
It was rational for the Trustees to find that the absence of the grate that normally covered the rescue well was conspicuous and readily observable when petitioner lowered it from the side of the boat where it was attached in order to cover the well (see Matter of McCartan v Shea, 211 AD3d 534, 535 [1st Dept 2022]); and it was within the risk of the work performed by petitioner since it was necessary to cover the well to go from the front to the back of the boat safely (see Matter of Galluccio v O'Neill, 186 AD3d 1153, 1154 [1st Dept 2020]).
We have considered petitioner's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023