| **Hendrick v Sewell** |
|:---:|
| 2024 NY Slip Op 30762(U) |
| March 11, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152569/2022 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. ARLENE P. BLUTH</u>              PART                    14
                                  *Justice*

-----------------------------------------------------------------------------X

TYLER HENDRICK,                                    INDEX NO.          152569/2022

                          Petitioner,              MOTION DATE        03/04/2024[1]

- v -                                              MOTION SEQ. NO.        001

KEECHANT SEWELL, THE BOARD OF TRUSTEES OF
THE POLICE PENSION FUND, ARTICLE II, NEW YORK       **DECISION + ORDER ON**
CITY POLICE DEPARTMENT, THE CITY OF NEW YORK              **MOTION**

                          Respondent.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 3, 4, 5, 6, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37

were read on this motion to/for              <u>          ARTICLE 78          </u>.


The petition to annul respondents' determination that petitioner is not entitled to Accident Disability Retirement ("ADR") is denied.

**Background**

Petitioner began working for the NYPD in 2007. He claims that on February 29, 2020 while working as a police officer, he suffered a serious wrist injury after responding to a 911 call. He insists that he slipped while stepping into his police SUV. Petitioner stepped up to open the passenger side door of the SUV and then stepped down with his right foot (apparently, a person getting into this car has to step up to open the door and then step back down, only to step back up to finally get into the car). Petitioner alleges that when he stepped down, he landed on bagged ice that was spilled in the roadway and was in between his vehicle and the sidewalk,

---

[1] The Court recognizes that this proceeding has been pending for a long time before different judges. Although this proceeding was only assigned to this part on March 4, 2024, the Court apologizes, on behalf of the court system, for the lengthy delay in the resolution of the instant petition.

**152569/2022   HENDRICK, TYLER vs. SEWELL, KEECHANT ET AL                    Page 1 of 5**
 **Motion No.  001**

1 of 5

which caused him to reach for door handle of the car and injure his wrist. He contends that the injury to his wrist required surgery, which he underwent in July 2020.

In January 2021, he applied for ADR. The Medical Board, in a decision dated July 9, 2021, approved his request for ADR (NYSCEF Doc. No. 11). The matter then went before the Board of Trustees of the Police Pension Fund (the "Board of Trustees") in November 2021, which tabled the matter (NYSCEF Doc. No. 12). At an executive session in December 2021, the Board of Trustees again tabled the matter after discussing whether or not the incident was unexpected (NYSCEF Doc. No. 13). At the next session on January 12, 2022, the Board of Trustees finally voted and the result was a 6-6 tie, meaning that petitioner received only Ordinary Disability Retirement ("ODR") (NYSCEF Doc. No. 14).

A member of the voting bloc who voted for ODR, noted that "we remain unconvinced that this was not an open and obvious condition and that this was sudden given that they got out of the vehicle and it was pretty obvious" (*id*. at 16 of 17).

Petitioner admits that is unknown whether or not the ice was there when he responded to the incident; petitioner was directed to go to a Taco Bell to address a call about a disruptive individual. He claims that a police officer need not be aware of every possible nuisance or defective condition while responding to an emergency.

In opposition, respondents contend that the issue here is whether the injury was "accidental." They acknowledge that the Medical Board granted petitioner ADR but claims that the Board of Trustees rationally found that the disabling injury was not the result of an unexpected event. Respondents emphasize that this was an open and obvious condition that petitioner failed to observe.

**152569/2022   HENDRICK, TYLER vs. SEWELL, KEECHANT ET AL**
**Motion No.  001**

**Page 2 of 5**

2 of 5

**Discussion**

In an article 78 proceeding, "the issue is whether the action taken had a rational basis and was not arbitrary and capricious" (*Ward v City of Long Beach*, 20 NY3d 1042, 1043, 962 NYS2d 587 [2013] [internal quotations and citation omitted]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*id.*). "If the determination has a rational basis, it will be sustained, even if a different result would not be unreasonable" (*id.*). "Arbitrary action is without sound basis in reason and is generally taken without regard to the facts" (*Matter of Pell v Board of Educ. of Union Free Sch. Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231, 356 NYS2d 833 [1974]).

"Applying for ADR involves a two step process. Initially, the pension fund's Medical Board conducts a physical examination, interviews the applicant, and reviews the submitted evidence, before submitting a recommendation to the Board of Trustees. In the second step, the Board of Trustees votes to either grant or deny ADR benefits" (*Stavropoulos v Bratton*, 148 AD3d 449, 450, 50 NYS3d 2 [1st Dept 2017]).

"Not every line of duty injury will result in an award of ADR. When the denial of ADR benefits to a police officer is the result of a tie vote by the Board of Trustees, this Court is required to uphold the denial unless it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service-related accident" (*Pastalove v Kelly*, 120 AD3d 419, 420, 991 NYS2d 39 [1st Dept 2014] [internal quotations and citations omitted]).

As the parties make clear, this is not a situation in which there is a dispute about the cause of petitioner's disabling injury. Rather, the primary issue here is where the incident in question was an accident for purposes of an ADR application. "In the context of ADR benefits, the Court of Appeals has defined an accident as a sudden, fortuitous mischance, unexpected, out

**152569/2022   HENDRICK, TYLER vs. SEWELL, KEECHANT ET AL**
  **Motion No.  001**

**Page 3 of 5**

of the ordinary, and injurious in impact, while an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (*id*.).

The Court denies the petition as the Board of Trustees rationally concluded that petitioner's injury was not caused by a sudden or unexpected event. Not every on-the-job injury qualifies for ADR. The Appellate Division, First Department has found that a police officer who injured his knee while stepping out of his patrol car was not an accident for purposes of granting ADR (*Gray v Kerik*, 15 AD3d 275, 791 NYS2d 9 [1st Dept 2005]). And, of course, responding to a 911 call is a normal risk inherent in police work (*Pastalove*, 120 AD3d at 421).

And, here, the fact is that the Board of Trustees concluded that the condition that caused petitioner's incident was open and obvious such that petitioner had ample opportunity to see and avoid the ice. The Court observes that the Third Department[2] has found that an officer who slipped and fell on ice was not entitled to receive ADR, even though he claimed not to see it before he fell (*Matter of Ruggiero v DiNapoli*, 85 AD3d 1282, 1283, 924 NYS2d 221 [3d Dept 2011]). It also found that a firefighter who slipped on ice that formed while he was fighting a fire did not constitute an accident for ADR purposes (*Matter of Campbell v DiNapoli*, 56 AD3d 940, 941, 867 NYS2d 650 [3d Dept 2008]). The key factor for this Court is that the precipitating cause of the incident was not sudden or unexpected; that petitioner contends he did not notice the ice laying on the ground does not make it an accident for purposes of ADR.

---

[2] The Court recognizes that the procedural posture of that case in the Third Department is a bit different as it involved a question of substantial evidence after a hearing, whereas no such hearing was held in connection with this type of ADR application.

**152569/2022   HENDRICK, TYLER vs. SEWELL, KEECHANT ET AL**
**Motion No.  001**

**Page 4 of 5**

[* 4]

**Summary**

This Court emphasizes that it cannot disturb the Board of Trustees' decision simply because it disagrees with the Board of Trustees. Rather, in order to be irrational, the record must show as *a matter of law* that this was a service-related accident and here, the record does not show that. While it is completely understandable that petitioner disagrees with the Board of Trustee's determination via their 6-6 tie vote, the Court sees no basis to disturb that conclusion on this record.

Accordingly, it is hereby

ADJUDGED that the petition is denied and this proceeding is dismissed without costs or disbursements.

| 3/11/2024 | | | | |
|-----------|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**152569/2022   HENDRICK, TYLER vs. SEWELL, KEECHANT ET AL**
**Motion No.  001**

**Page 5 of 5**

5 of 5