**Pastrana v New York City Fire Pension Fund**

2024 NY Slip Op 31118(U)

April 2, 2024

Supreme Court, New York County

Docket Number: Index No. 160515/2023

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. ARLENE P. BLUTH**　　　　　PART　　　　14

*Justice*

-------------------------------------------------------------------------------X

OBRIAN PASTRANA,

|  |  |
|---|---|
| **INDEX NO.** | 160515/2023 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 002 |

Petitioner,

- v -

NEW YORK CITY FIRE PENSION FUND, BOARD OF
TRUSTEES OF THE NEW YORK CITY FIRE PENSION
FUND, CITY OF NEW YORK

**DECISION + ORDER ON
MOTION**

Respondents.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 48, 49, 50, 51, 52, 53, 54,

were read on this motion to/for　　　　REARGUMENT/RECONSIDERATION　　　.

Petitioner's motion to reargue is granted and, upon rearguement, the Court adheres to its prior determination although for the reasons described below.

**Background**

In this proceeding concerning petitioner's application for Accident Disability Retirement ("ADR") benefits, this Court previously denied the petition (NYSCEF Doc. No. 46).

Petitioner explains that this Court misapprehended the fact that petitioner was evaluated twice by the Medical Board for two separate physical conditions. One evaluated him for his respiratory function and the other for his cardiovascular function. He acknowledges that he did not contest the Medical Board finding that found that his respiratory tract was fine but that he does challenge the Medical Board finding regarding his cardiovascular function. That decision granted him Ordinary Disability Retirement ("ODR"). Petitioner argues that the primary issue in

160515/2023   PASTRANA, OBRIAN vs. NEW YORK CITY FIRE PENSION FUND ET AL                Page 1 of 4
    Motion No.  002

1 of 4

this proceeding is whether his permanent disability in the cardiovascular Medical Board evaluation is an accident for purposes of granting him ADR.

The Court observes that respondents filed opposition but the Court did not consider it as it was not filed timely; the notice of motion set the return date for April 1, 2024 at 9:30 a.m. and respondent filed its opposition in the afternoon on April 1, 2024.

**Discussion**

As an initial matter, petitioner is correct that this Court misapprehended the fact that there were two separate Medical Board findings and apologizes for the need to make the motion to reargue. The Court will therefore address the key issue according to petitioner—whether his apparent adverse reaction to receiving the COVID-19 is an accident that entitles him to receive ADR.

"In an article 78 proceeding, the issue is whether the action taken had a rational basis and was not arbitrary and capricious" (*Ward v City of Long Beach*, 20 NY3d 1042, 1043, 962 NYS2d 587 [2013] [internal quotations and citation omitted]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*id.*). "If the determination has a rational basis, it will be sustained, even if a different result would not be unreasonable" (*id.*). "Arbitrary action is without sound basis in reason and is generally taken without regard to the facts" (*Matter of Pell v Board of Educ. of Union Free Sch. Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231, 356 NYS2d 833 [1974]).

"Applying for ADR involves a two step process. Initially, the pension fund's Medical Board conducts a physical examination, interviews the applicant, and reviews the submitted evidence, before submitting a recommendation to the Board of Trustees. In the second step, the

**160515/2023   PASTRANA, OBRIAN vs. NEW YORK CITY FIRE PENSION FUND ET AL**          **Page 2 of 4**
   **Motion No.  002**

2 of 4

[* 2]

Board of Trustees votes to either grant or deny ADR benefits" (*Stavropoulos v Bratton*, 148 AD3d 449, 450, 50 NYS3d 2 [1st Dept 2017]).

"ADR benefits are awardable only where the individual's disability was the natural and proximate result of a service-related accident, i.e., a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (*Rivera v Bd. of Trustees of N.Y. Fire Dept.*, 220 AD3d 584, 585, 198 NYS3d 680 [1st Dept 2023]). "In the context of ADR benefits, the Court of Appeals has defined an accident as a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact, while an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (*Pastalove v Kelly*, 120 AD3d 419, 420, 991 NYS2d 39 [1st Dept 2014]).

Here, petitioner was found to be permanently disabled after being evaluated for cardiovascular functioning by the Medical Board, which awarded him ODR and the Board of Trustees agreed. The Court finds that petitioner's disability was not the result of a service-related accident under the caselaw cited above. In this Court's view, getting a vaccine is not an unexpected event. It is more akin to the case cited by respondents in their initial opposition, *Rivera*, where a firefighter was awarded only ODR when he suffered a leg injury after becoming dehydrated while training as a firefighter (*Rivera*, 220 AD3d at 584-85). The First Department found that such an injury was "incidental—not accidental" and that it arose out of his performance of "routine duties, not as a result of an unexpected event" (*id*. at 585). The appellate court also found that the dehydration was "a foreseeable risk" (*id*.).

Here, getting the vaccine was not an unexpected event – it was not an accident. Petitioner knew he was getting the vaccine and was complying with the vaccine mandate.

160515/2023   PASTRANA, OBRIAN vs. NEW YORK CITY FIRE PENSION FUND ET AL          Page 3 of 4
  Motion No.  002

3 of 4

[* 3]

Unfortunately, he experienced incidental consequences from that expected vaccine. Of course, the bad consequences he suffered led to him receiving ODR. But this Court is unable to find that petitioner's physical ailments were the result of an accident as defined under the relevant caselaw. As noted above, an accident for purposes of awarding ADR arises where a firefighter suffers injuries from a sudden event rather than from adverse consequences from a planned event.

Accordingly, it is hereby

ORDERED that petitioner's motion to reargue is granted and, upon reargument, this Court adheres to its previous determination albeit on the different basis described above; and it is further

ADJUDGED that the petition is denied and this proceeding is dismissed without costs or disbursements.

| 4/2/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |
| **CHECK ONE:** | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
| | [ ] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [X] OTHER |
| **APPLICATION:** | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

**160515/2023   PASTRANA, OBRIAN vs. NEW YORK CITY FIRE PENSION FUND ET AL**          **Page 4 of 4**
**Motion No.  002**

4 of 4

[* 4]