■ In the Matter of FRANCISCO VELEZ, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [923 NYS2d 837]—

Order and judgment (one paper), Supreme Court, New York County (Paul G. Feinman, J.), entered October 29, 2009, which denied the petition seeking, inter alia, to annul respondents' determination denying petitioner accident disability retirement benefits and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Credible evidence supported the conclusion that petitioner's disability was not caused by a service-related accident (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 147 [1997]; *Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 60 NY2d 347, 352 [1983]). Official records indicated that petitioner was not working at the World Trade

Center site at the times that he claimed. Furthermore, the Board was entitled to find that the affidavits from other officers. stating that petitioner worked at the site for 40 or more hours between September 11, 2001 and September 12, 2002 were conclusory, as they failed to specify any times or dates he worked or the nature of his duties (*see* Retirement and Social Security Law § 2 [36]). Consequently, the record demonstrates that petitioner failed to raise the presumption that his disability "was incurred in the performance and discharge of duty and the natural and proximate result of an accident not caused by such member's own willful negligence" (Administrative Code of City of NY § 13-252.1 [1] [a]).

We have considered petitioner's remaining contentions, including that the Medical Board failed to conduct a sufficient inquiry into the matter, and find them unavailing. Concur—Tom, J.P., Saxe, Acosta, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 2009 NY Slip Op 32454(U).]**