█ In the Matter of SARA SALERNO, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York, and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [30 NYS3d 114]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered December 20, 2013, which, inter alia, denied the petition to annul respondents' determination, dated September 14, 2011, denying petitioner's application for World Trade Center accidental disability retirement benefits, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Respondents' determination that petitioner failed to establish that she was present at the World Trade Center (WTC) site during the statutorily required time period is supported by

credible evidence and is not arbitrary and capricious (*see* Retirement and Social Security Law § 2 [36] [a], [e], [f], [g]; *Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 145 [1997]). Respondents' investigation revealed no contemporaneous records indicating that petitioner was present at the WTC site (*see Matter of Brennan v Kelly*, 111 AD3d 407 [1st Dept 2013], *lv denied* 23 NY3d 907 [2014]). Rather, it established that petitioner was assigned to and present at her command and control, located at 315 Hudson Street, during the relevant period.

Respondents were entitled to reject petitioner's statements and the letters by her two superior officers, which neither established that petitioner performed the statutorily required "rescue, recovery or cleanup" work nor identified a specific location within the statutorily defined area (Retirement and Social Security Law § 2 [36] [a], [f]; *see Matter of Velez v Kelly*, 84 AD3d 693 [1st Dept 2011]). Additional documentation submitted by petitioner, including undated photographs in which she did not appear and the photographer was not identified, as well as a letter from a colleague, the contents of which, among other things, were contradicted by Police Department records, failed to establish her presence at the WTC site.

We decline to consider evidence outside of the administrative record (*see Matter of Yarbough v Franco*, 95 NY2d 342, 347 [2000]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz, Manzanet-Daniels and Gesmer, JJ. ■