Matter of Salerno v Shea (2023 NY Slip Op 02770)

Matter of Salerno v Shea

2023 NY Slip Op 02770

Decided on May 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 23, 2023

Before: Webber, J.P., Kern, Oing, Scarpulla, Rodriguez, JJ. 

Index No. 159360/20 Appeal No. 300 Case No. 2022-04264 

[*1]In the Matter of Sara Salerno, Petitioner-Appellant,
v
Dermot F. Shea etc., et al., Respondents-Respondents.

Goldberg & McEnaney, LLC, Port Washington (Timothy McEnaney of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Carol Edmead, J.), entered October 12, 2021, denying the petition to vacate a determination of respondents, dated March 11, 2020, which denied petitioner's application for World Trade Center Accidental Disability Retirement (WTC ADR) benefits, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
This is the third article 78 proceeding brought by petitioner seeking to vacate the denial of her application for WTC ADR benefits, based on her failure to demonstrate that she engaged in rescue, recovery and cleanup operations at the statutorily defined WTC site during the statutory period. This Court affirmed the denial of those benefits by respondents in connection with the evidence submitted on her first two applications (Matter of Salerno v Kelly, 139 AD3d 516, 517 [1st Dept 2016]). In support of her third attempt, petitioner submitted the affidavit of a retired colleague, stating that at the time of the terrorist attack, he was stationed with petitioner at the offices of the Internal Affairs Bureau at 315 Hudson Street, which was outside the qualifying area. He stated that following the attack, he was deployed with other officers, including petitioner, to "Ground Zero;" between September 11 and September 13, 2001, that he saw petitioner taking photographs of the area; and that she relieved him of duty face-to-face. Petitioner also provided a statement from respondents' General Counsel indicating that rules and regulations had not been promulgated concerning the proof necessary to establish service at the WTC site during the relevant period.
The court properly found that respondents had a rational basis for denying petitioner's application, and for concluding that the colleague's affidavit was not persuasive, in light of the other contrary evidence, including overtime slips signed by petitioner indicating that she worked at IAB and/or command and control during the relevant period (see Matter of Brennan v Kelly, 111 AD3d 407, 408 [1st Dept 2013], lv denied 23 NY3d 907 [2014]; Matter of Velez v Kelly, 84 AD3d 693, 694 [1st Dept 2011]). Moreover, contrary to petitioner's claim, neither Administrative Code of City of NY § 13-252.1(1)(b) nor § 13-252.1(2)(d) mandated that respondents promulgate rules regarding
evidence necessary to demonstrate entitlement to WTC ADR benefits; and petitioner was accorded the opportunity to be heard, as required by Administrative Code § 13-252.1(2)(d).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 23, 2023