Matter of Cameron v Shea (2023 NY Slip Op 05358)

Matter of Cameron v Shea

2023 NY Slip Op 05358

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Kern, J.P., Singh, Gesmer, Scarpulla, O'Neill Levy, JJ. 

Index No. 151741/20 Appeal No. 900 Case No. 2023-00569 

[*1]In the Matter of Sean Cameron, Petitioner-Appellant,
v
Dermot F. Shea etc., Respondent-Respondent.

Goldberg & McEnaney, LLC, Port Washington (Timothy McEnaney of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amanda Abata of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Eileen A. Rakower, J.), entered August 4, 2020, denying the petition to annul respondent Board of Trustees' determination, dated February 12, 2020, which denied petitioner's application for accidental disability retirement (ADR) benefits under the World Trade Center (WTC) Disability Law (Administrative Code of City of NY § 13-252.1), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Credible evidence supported the Board's conclusion that petitioner did not qualify for ADR benefits under the WTC Disability Law, as the official New York Police Department records showed that he was not working at a WTC-qualifying site during the first 48 hours after the attack or for 40 hours any time that year. Rather, the records showed that petitioner worked at various nonqualifying locations in Queens, Brooklyn, Roosevelt Island, and elsewhere in the city (see Matter of Salerno v Shea, 216 AD3d 555, 556 [1st Dept 2023]).
The Board was entitled to discount petitioner's affidavit concerning his presence at WTC-qualifying locations, since the averments in that affidavit were contradicted by NYPD records, including roll call records that petitioner signed. Moreover, the affidavit was at odds with the WTC Notice Of Participation form that petitioner completed with respect to his activities on 9/11. The Board was also entitled to reject affidavits from petitioner's family and friends on the grounds that they were conclusory, insufficiently specific, or not based on the affiants' personal knowledge (see Matter of Salerno v Kelly, 139 AD3d 516, 517 [1st Dept 2016]).
We have considered petitioner's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023