Matter of DiMartini v Sewell (2024 NY Slip Op 06119)

Matter of DiMartini v Sewell

2024 NY Slip Op 06119

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Webber, J.P., Moulton, Mendez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 159610/22 Appeal No. 3188 Case No. 2023-06140 

[*1]In the Matter of Kim DiMartini, Petitioner-Appellant,
v
Keechant Sewell etc., et al., Respondents-Respondents.

Goldberg & McEnaney, LLC, Port Washington (Timothy McEnaney of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Amy McCamphill of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Arthur F. Engoron, J.), entered August 22, 2023, denying the petition to annul respondent Board of Trustees' determination, dated July 20, 2023, which denied petitioner's application for accidental disability benefits under the World Trade Center Disability Law, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Credible evidence supported the Board's conclusion that petitioner failed to meet the threshold requirement showing that she participated in the rescue, recovery, or cleanup operations at the World Trade Center site during the first 48 hours after the attack or for 40 hours over the following year (see New York Retirement and Social Security Law § 2[36][e], [g]; Matter of Brennan v Kelly, 111 AD3d 407, 408 [1st Dept 2013], lv denied 23 NY3d 907 [2014]). Petitioner's overtime slips from September 2001 indicated that she had worked in the Bronx, not at the World Trade Center site, in the days and weeks after the 9/11 attack. Conclusory statements from two other New York City employees that they saw petitioner at the World Trade Center site were insufficient to support her claim (see Matter of Salerno v Kelly, 139 AD3d 516, 517 [1st Dept 2016]; Matter of Brennan, 111 AD3d at 408).
In addition, a remand for further consideration was not required. The undated color photographs and a safety helmet bearing a signature purportedly by former President Bill Clinton failed to connect petitioner to the statutory time frame. Because courts cannot substitute their judgment for that of the Board of Trustees, the Board of Trustee's determination must stand as long as there is any credible evidence to support its determination (see Matter of Picciurro v Board of Trustees of the N.Y. City Police Pension Fund, Art. II, 46 AD3d 346, 347 [1st Dept 2007]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024