| Bones v Caban |
| :---: |
| 2025 NY Slip Op 31978(U) |
| June 4, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 156972/2023 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JUDY H. KIM**                                    PART                    04

                                          *Justice*

-----------------------------------------------------------------------------X

ANGEL M. BONES,                                          INDEX NO.          156972/2023

                                 Petitioner,             MOTION DATE        07/12/2023

                   - v -                                 MOTION SEQ. NO.        001

EDWARD CABAN, AS INTERIM POLICE COMMISSIONER
OF THE CITY OF NEW YORK AND AS CHAIRMAN OF
THE BOARD OF TRUSTEES OF THE POLICE PENSION
FUND, ARTICLE II, BOARD OF TRUSTEES OF THE NEW          **DECISION + ORDER ON**
YORK CITY POLICE PENSION FUND, ARTICLE II, NEW              **MOTION**
YORK CITY POLICE DEPARTMENT, THE CITY OF NEW
YORK,

                                 Respondents.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32

were read on this motion for                    ARTICLE 78 (BODY OR OFFICER)          .


Upon the foregoing documents, the petition is denied and this proceeding is dismissed.

Petitioner Angel M. Bones, a retired New York Police Department ("NYPD") officer, brings this special proceeding to reverse the denial of his application for accidental disability retirement ("ADR") under the World Trade Center ("WTC") Disability Law by the Board of Trustees of the Police Pension Fund (the "Board of Trustees") or, alternatively, to remand petitioner's application to the Board of Trustees for further investigation. He also seeks an order directing respondents to produce various documents connected to the ADR hearing and his work as an NYPD officer. Respondents oppose the petition.

[* 1]

# FACTUAL BACKGROUND

The World Trade Center Disability Law, codified at Administrative Code §13–252.1, mandates that first responders who worked at a "World Trade Center site" (as relevant here, the area of lower Manhattan south of Canal Street and Pike Street and bounded by the Hudson and East Rivers)[1] (*see* Retirement and Social Security Law §2[36][[f]) for "any period of time within the forty-eight hours after the first airplane hit the towers" or for forty hours between September 11, 2021 and September 12, 2022 (*id.* at §2[36][g]) and, thereafter, developed a "qualifying condition" (as defined in Retirement and Social Security Law §2[36][b]) are entitled to a presumption that their presence at the World Trade Center site caused the qualifying condition (*see Matter of Bitchatchi v Bd. of Trustees of New York City Police Dept. Pension Fund*, 20 NY3d 268, 275-77 [2012]). In other words, once a claimant establishes that he or she worked the requisite number of hours at a WTC site, it is presumed that their injury was incurred in the line of duty (*see Matter of Bitchatchi v Bd. of Trustees of New York City Police Dept. Pension Fund*, 20 NY3d 268, 275-77 [2012]).

Petitioner retired from the New York City Police Department on November 12, 2014, with Accident Disability Retirement ("ADR"), based upon permanent physical injuries from a line of duty motor vehicle accident (NYSCEF Doc No. 1, petition at ¶3). On April 27, 2021, petitioner applied to reclassify his "regular" ADR to World Trade Center-related ADR based upon qualifying psychological conditions (*id.* at ¶9). In connection with this application, petitioner filed a Notice of Participation stating that he was stationed at "Broadway-Liberty Street" on September 12, 2021, on "Broadway-Canal Street" on September 13, 2021, on "Broadway-Rector" on September 14,

---

[1] "There are other sites, such as in Staten Island, but these are not relevant here" (*In re Salerno v Kelly*, 2011 NY Slip Op 30693[U] [Sup Ct, NY County 2011]).

**156972/2023   BONES, ANGEL M vs. EDWARD CABAN, AS INTERIM POLICE COMMISSIONER**     **Page 2 of 8**
**OF THE CITY OF NEW YORK AND AS CHAIRMAN OF THE BOARD OF TRUSTEES OF THE**
**POLICE PENSION FUND, ARTICLE II ET AL**
**Motion No.  001**

[* 2]

2 of 8

2021, in the "Wall Street Area" on September 15, 2021, on "Rector Street" on September 20, 2021, in the "Wall Street Area" on September 21, 2021 and on "Rector-West Side" on September 27, 2021 (NYSCEF Doc No. 6, notice of participation). Petitioner also submitted copies of available excerpts of the 44th Precinct's command logs for September 12, 14, 15, 16, 2001 and October 2, 2001, which mark his overtime under the WTC overtime code, and portions of the 44 Precinct's September 13, 2001 roll call (*see* NYSCEF Doc No. 8, 11, 14).

Petitioner also submitted the affidavit of NYPD Sergeant John Fredericks attesting that:

On the dates from September 12, 2001 to September 15, 2001 (inclusive) I was working as a patrol sergeant in the 44th Precinct located at 2 East 169th Street, Bronx, NY 10452. Mr. Angel Bones who was then a police officer worked with me directly at that location at the time. Mr. Bones and myself were deployed after the events of September 11, 2001 to security posts on Broadway/Liberty, Broadway/Canal, Broadway/Rector, and a Security Post near the ESU temporary headquarters. These were our posts for the twelve to fourteen hour tours for the dates in question …

(NYSCEF Doc No. 15). Sergeant Fredericks separately submitted copies of his memo book pages for this period to the PPF (NYSCEF Doc No. 31).

Finally, petitioner submitted his own affidavit to the Board of Trustees, in which he stated that:

On September 11, 2001, I was assigned as an NYPD police officer, shield #27325, to the 3rd platoon at the 44th Precinct in The Bronx. The following day, September 12, 2001, while assigned to the 3rd platoon, I was re-assigned to the Ground Zero, World Trade Center site. That day, I first reported to the 44th Precinct at the start of my tour. I was then transported via a New York City Police Department vehicle to the 48th Precinct. Once I arrived at the 48th Precinct, I was then transported again via an NYPD bus, along with other uniformed officers of the 44th Precinct, to Canal Street in Manhattan. Upon arrival at Canal Street, we were mustered up, and assigned to a security post on Broadway and Liberty Streets. Later that evening (September 12th), I was also assigned to another security post on Broadway in front of a Burger King. I was never provided any protective equipment during this entire tour nor had any of my own.

The following day, September 13, 2001, while assigned to the 3rd platoon at the 44th Precinct, I was again reassigned to the Ground Zero, World Trade Center site.

156972/2023 BONES, ANGEL M vs. EDWARD CABAN, AS INTERIM POLICE COMMISSIONER Page 3 of 8
OF THE CITY OF NEW YORK AND AS CHAIRMAN OF THE BOARD OF TRUSTEES OF THE
POLICE PENSION FUND, ARTICLE II ET AL
Motion No. 001

3 of 8

[* 3]

I was first transported to the 48th Precinct via a Department vehicle, where I was then transported to Canal Street and Broadway, again in a Department vehicle, and assigned to a security foot post. That day, I was also later assigned to a security post on Broadway and Rector Place, as well as to the Ground Zero bucket brigade for a few hours. During this tour, I was only provided a paper mask for protection.

To the best of my recollection, both tours on September 12 and 13, 2001 commenced in the afternoon hours and into the late morning hours of the following day…

I have made efforts to obtain copies of the 44th Precinct's roll calls for the relevant time period and have personally reviewed the same, but the records pertaining to the period of September 11-13, 2001 are not contained within the records still maintained by the Department. Lastly, I have made further efforts to obtain my actual overtime slips for the relevant period from the NYPD and have been advised that the Department has failed to maintain these records.

I have read the foregoing and it is true and correct to the best of my knowledge.

(NYSCEF Doc No. 16, Bones aff. at ¶¶3-7)

Petitioner's application was heard by the Board of Trustees on March 8, 2023. At that hearing, NYPD Sergeant Glenny Almonte testified as to the efforts to verify petitioner's claim, stating:

The following records were reviewed: Notice of Participation; 44th Precinct command logs and roll calls; Patrol Borough Manhattan South Ground Zero rosters; headquarters security rosters; Patrol Borough Bronx THV Log; and Manhattan Traffic Task Force rosters.

…

World Trade Center 9/11 Tracking System Report indicates the dates and hours of overtime which were coded for payment relative to rescue, recovery, or cleanup regarding the 9/11 attacks. These entries are not location specific and therefore do not necessarily indicate presence at one of the qualifying sites. In other words, members of the service requests for overtime during this period were coded as World Trade Center even if their duties were not performed at the statutory locations.

…

Available Department records shows the sergeant present and assigned as follows:

156972/2023   BONES, ANGEL M vs. EDWARD CABAN, AS INTERIM POLICE COMMISSIONER
OF THE CITY OF NEW YORK AND AS CHAIRMAN OF THE BOARD OF TRUSTEES OF THE
POLICE PENSION FUND, ARTICLE II ET AL
Motion No.  001

Page 4 of 8

[* 4]

4 of 8

…

September 12th, review of available Department records, including but not limited to Ground Zero rosters produced negative results. There is no indication that he was mobilized to a qualifying zone.

September 13th, 44th Precinct roll calls indicate assignment as PBBX, short for Patrol Borough Bronx, with no further detail on location, duties performed, or post changes. Review of available Department records, including but not limited to Ground Zero rosters produced negative results. There is no indication that he was mobilized to a qualifying zone.

September 14th, 44th Precinct roll calls indicates assignment, as stationhouse security. The 44th Precinct is in Bronx, New York and is not a qualifying location. There is no indication that, he was mobilized to a qualifying zone.

September 15th, his name does not appear on the available roll call. Review of available Department records, including but not limited to Ground Zero rosters produced negative results. There is no indication that he was mobilized to a qualifying zone.

September 19th, 20th and 21st, 44th Precinct roll calls indicates assignment as the 44th Precinct patrol supervisor operator. The 44th Precinct is in Bronx, New York and is not a qualifying location. There is no indication that he was mobilized to a qualifying zone.

September 23rd, review of available Department records, including but not limited to Ground Zero rosters produced negative results. There is no indication on the Notice of Participation that he responded to a qualifying location …

September 26th, 27th, and 29th, 44th Precinct roll calls indicates assignment as the 44th Precinct patrol supervisor operator. The 44th Precinct is in Bronx, New York and is not a qualifying location …

Miscellaneous items reviewed: 44th Precinct command log entries for overtime requests were submitted for the dates of September 12th, 14th, l6th and October 2nd and 9th. These entries are not location specific and therefore do not necessarily indicate presence at one of the qualifying sites as required by the statute.

The Occupational Health Unit of the New York City Police Department's Medical Division responsible for assigning exposure numbers to officers exposed. to occupational hazards has a record of SERGEANT BONES in their World Trade Center exposure database as being exposed to construction dust. However, the database does not contain the specifics of when the member is exposed, where, or for how many hours …

156972/2023   BONES, ANGEL M vs. EDWARD CABAN, AS INTERIM POLICE COMMISSIONER
OF THE CITY OF NEW YORK AND AS CHAIRMAN OF THE BOARD OF TRUSTEES OF THE
POLICE PENSION FUND, ARTICLE II ET AL
Motion No.  001

Page 5 of 8

[* 5]

5 of 8

(NYSCEF Doc No. 25, PPF Executive Session tr. at pp. 82-89 [emphasis added]).

The Board of Trustees denied petitioner's ADR reclassification by a six-six vote (NYSCEF Doc No. 17). Petitioner then commenced this special proceeding, arguing that this denial was arbitrary and capricious because the Board of Trustees based its conclusion on the absence of his name from incomplete records while ignoring the evidence of his presence at the WTC site he presented. Petitioner also questions Sergeant Almonte's ability to interpret the NYPD roll calls and command logs in the record as well as his characterization of the Tracking System Report for WTC overtime as not location specific.

Respondents oppose the petition and seek its dismissal, arguing that they acted reasonably and lawfully in denying petitioner's application, and that there is credible evidence to support the finding that petitioner failed to stablish that he worked the requisite hours to invoke the statutory presumption.

## DISCUSSION

"It is a well settled rule that, in an Article 78 proceeding, a court may not substitute its judgment for the agency's determination but shall decide if that determination can be supported on any reasonable basis. The test of whether a decision is arbitrary or capricious is determined largely by whether a particular action should have been taken or is justified ... and whether the administrative action is without foundation in fact" (*Matter of McAdams v Kelly*, 17 Misc 3d 1112(A) [Sup Ct, NY County 2007] [internal citations omitted]). Where, as here, the Board of Trustees denied accident disability retirement benefits by a six-six tie vote, this vote "can be set aside on judicial review only if the courts conclude that the retiree is entitled to the greater benefits as a matter of law" (*Lopez v Caban*, 2024 NY Slip Op 34384[U], 5 [Sup Ct, NY County 2024] quoting *Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of*

[* 6]

*N.Y., Art. II*, 60 NY2d 347, 352 [1983]). In other words, "[i]f there was any credible evidence of lack of causation before the Board of Trustees, its determination must stand, given that the court may only disturb the final award by finding causation established as a matter of law" (*In re Velez v Kelly*, 2009 NY Slip Op 32454[U] [Sup Ct, NY County 2009] [internal citations omitted], *affd sub nom. Velez v Kelly*, 84 AD3d 693 [1st Dept 2011]).

The Board of Trustee's determination was based upon credible evidence. It is undisputed that "[n]one of the documents recovered from the Police Department records show petitioner's presence at the site" during the relevant period while "[c]ertain of these documents apparently show, contrary to his statement in his [Notice of Participation], he was *not* working at the site [on September 13th, 21st, and 27th]" (*id.* [emphasis in original]). As such, "respondents had a rational basis for denying petitioner's application, and for concluding that the colleague's affidavit was not persuasive" (*Salerno v Shea*, 216 AD3d 555, 556 [1st Dept 2023]; *see also Cameron v Shea*, 220 AD3d 564, 565 [1st Dept 2023] ["The Board was entitled to discount petitioner's affidavit concerning his presence at WTC-qualifying locations, since the averments in that affidavit were contradicted by NYPD records, including roll call records that petitioner signed"]). As there was "some support in the record" for its conclusion, the Board of Trustee's determination must be upheld (In re Velez v Kelly, 2009 NY Slip Op. 32454[U] [Sup Ct, NY County 2009], affd sub nom. Velez v Kelly, 84 AD3d 693 [1st Dept 2011]).

Petitioner's application for an order directing respondents to produce various documentary material pursuant to CPLR 2307(a) is mooted by respondents' filing of the administrative record reviewed by the Board of Trustees (*Cameron v Shea*, 2020 NY Slip Op. 31886[U], 6-8 [Sup Ct, NY County 2020], *affd*, 220 AD3d 564 [1st Dept 2023]). To the extent petitioner seeks material beyond this record, the Court declines to grant leave for discovery in this special proceeding "as

156972/2023   BONES, ANGEL M vs. EDWARD CABAN, AS INTERIM POLICE COMMISSIONER          Page 7 of 8
OF THE CITY OF NEW YORK AND AS CHAIRMAN OF THE BOARD OF TRUSTEES OF THE
POLICE PENSION FUND, ARTICLE II ET AL
Motion No.  001

[* 7]                                                    7 of 8

the documents in the record … are sufficient to determine the issues presented" (*Chen v City of New York,* 236 AD3d 583, 584 [1st Dept 2025]; *see also Price v New York City Bd. of Educ.*, 51 AD3d 277 [1st Dept 2008]).

Accordingly, it is

**ORDERED** and **ADJUDGED** that the petition is denied and this special proceeding is dismissed; and it is further

**ORDERED** that respondents shall, within ten days of the date of this decision and order, serve a copy of same, with notice of entry, upon petitioner as well as the Clerk of the Court, who is directed to enter judgment accordingly; and it is further

**ORDERED** that such service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "EFiling" page on this court's website).

This constitutes the decision, order, and judgment of the Court.

| | | | | | | |
|---|---|---|---|---|---|---|
| **6/4/2025** | | | | | | |
| **DATE** | | | | **HON. JUDY H. KIM, J.S.C.** | | |
| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**156972/2023   BONES, ANGEL M vs. EDWARD CABAN, AS INTERIM POLICE COMMISSIONER OF THE CITY OF NEW YORK AND AS CHAIRMAN OF THE BOARD OF TRUSTEES OF THE POLICE PENSION FUND, ARTICLE II ET AL**
**Motion No.  001**

**Page 8 of 8**

8 of 8

[* 8]